THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ISABELLE KERNER,<br><br>               Plaintiff,<br><br>    v.<br><br>SEATTLE POLICE DEPARTMENT,<br><br>               Defendant. | CASE NO. C18-1737-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's "emergency motion" providing notice of related cases, asking that the Court recuse itself from the case, and requesting oral argument (Dkt. No. 10). Plaintiff, proceeding *pro se*, alleges that Defendant Seattle Police Department violated several Washington laws and federal constitutional provisions based on how its officers allegedly responded to Plaintiff's report that she had been assaulted. (*See generally* Dkt. No. 1-2.) Plaintiff claims, among other things, that Defendant's officers committed official misconduct, made a false report, and violated her due process rights under the Fifth and Fourteenth Amendments. (*Id.* at 22–31.)

Plaintiff states that her case is related to another case in this District being presided over by the Honorable James L. Robart—*United States v. City of Seattle*, Case No. C12-1282-JLR. (Dkt. No. 10 at 1.) That case involves a court-monitored settlement agreement between the United States and the City of Seattle that is intended to ensure "that police services are delivered

to the people of Seattle in a manner that fully complies with the Constitution and the laws of the United States." *United States v. City of Seattle*, Case No. C12-1282-JLR, Dkt. No. 3-1 at 5 (W.D. Wash. 2012). In July 2018, Plaintiff filed a motion to intervene in that case, asserting that the City of Seattle was not complying with the terms of the parties' settlement agreement. *United States v. City of Seattle*, Case No. C12-1282-JLR, Dkt. No. 460 (W.D. Wash. 2018). Judge Robart denied Plaintiff's motion to intervene. *United States v. City of Seattle*, Case No. C12-1282-JLR, Dkt. No. 465 (W.D. Wash. 2018).

In the present motion, Plaintiff asks the Court to: "ratify the relation" of her case and *United States v. City of Seattle*. (Dkt. No. 10 at 1.) Plaintiff states that she is entitled to such an order "pursuant to Federal Rule of Civil Procedure 28, Section 40.2, Articles 1 and/or 2." (*Id.*) None of those provisions entitle Plaintiff to the relief she requests. Moreover, Plaintiff's lawsuit is factually and legally distinct from *United States v. City of Seattle*. To the extent Plaintiff is trying to reargue her motion to intervene, Judge Robart not only denied that motion, but also denied a subsequent motion for reconsideration. *United States v. City of Seattle*, Case No. C12-1282-JLR, Dkt. No. 479 (W.D. Wash. 2018). Therefore, Plaintiff's request is DENIED.

Plaintiff also asks the Court to recuse itself from her case. (Dkt. No. 10 at 5.) Plaintiff offers the following reasons for recusal:

> Further, given it is Plaintiff Isabelle Kerner's Constitutional Right to represent herself in Court, Plaintiff Isabelle Kerner is also requesting that Justice Coughenour recuse himself from case 18-CIV-1522519 given that during the status conference held on January 15th of 2019, he did not allow Plaintiff Isabelle Kerner to speak when she disputed the Defendants request regarding the schedule for this case. By immediately dismissing Plaintiff Isabelle Kerner without giving her the opportunity to dispute the Defendants request, Justice Coughenour demonstrated questionable conduct which stands in stark contrast to the 'unconscious bias' propaganda Justice Coughenour has publicly paraded.
>
> According to Washington Courts Code of Conduct, 'A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the Right to be heard according to law' pursuant to Rule 2.6 (A) (1-3). Given that Plaintiff Isabelle Kerner was prohibited from speaking or objecting to the statements made by the Defendants during the Status Conference on January 15th of 2019, Justice

Coughenour violated rule 2.6 (A) (1-3) of the Washington Courts Code of Judicial Ethics by violating her Right to be Heard.

The fact that Justice Coughenour prohibited Plaintiff Isabelle Kerner to speak at the Status Conference in the above-referenced case which Plaintiff Isabelle Kerner initiated herself, suggests that Justice Coughenour lacks respect towards individuals who exercise their constitutional right to represent themselves in a legal interest they are proceeding ((Rule 2.6 (A)(1-3)).

(*Id.* at 5.)

Pursuant to 28 U.S.C. § 455(a), a federal judge shall disqualify himself or herself in any proceeding in which his impartiality "might reasonably be questioned." A federal judge also shall disqualify himself or herself in circumstances where he or she has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Recusal is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

Plaintiff has not provided a basis for the Court to recuse itself from her case.[1] At the status conference, the Court scheduled a trial date over Plaintiff's objection that she wanted an earlier date. (*See* Dkt. No. 8.) To the extent the Court allows parties to make suggestions regarding scheduling matters, such input is just that—suggestions. The Court's alleged conduct would not lead a reasonable person to question its impartiality in this case. Therefore, Plaintiff's request for recusal is DENIED.

Plaintiff additionally asked that the Court hold oral argument. (Dkt. No. 10 at 4.) Pursuant to Local Civil Rule 7, "[u]nless otherwise ordered by the court, all motions will be

---

[1] Plaintiff bases her request on one of the cannons included in Washington's Code of Judicial Conduct. (Dkt. No. 10 at 5.) However, that is merely a Washington court rule and does not provide the basis for recusal of a federal judge. Furthermore, the Court need not refer this motion to the District's Chief Judge, because Plaintiff's request for recusal was not made pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455(a). *See* W.D. Wash. Local Civ. R. 3(f).

decided by the court without oral argument." W.D. Wash. Local Civ. R. 7(b)(4). Plaintiff has not provided a good cause reason that the Court should hold oral argument before ruling on her motion. Therefore, the request for oral argument is DENIED.

For the foregoing reason, Plaintiff's "emergency motion" (Dkt. No. 10) is DENIED in its entirety.

DATED this 12th day of March 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE