UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ISABELLE KERNER,

                          Plaintiff,

        v.

SEATTLE POLICE DEPARTMENT,

                          Defendant.

CASE NO. C18-1737-JCC

ORDER

This matter comes before the Court on Defendant's unopposed motion for summary judgment (Dkt. No. 13). Having thoroughly considered Defendant's motion and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Defendant's motion for the reasons explained herein.

## I.    BACKGROUND

Plaintiff, proceeding *pro se*, alleges that Defendant Seattle Police Department violated several Washington criminal statutes and federal constitutional provisions based on how its officers allegedly responded to Plaintiff's report that she had been assaulted. (*See generally* Dkt. No. 1-2.)[1] Plaintiff's claims arise out of an incident that occurred on October 8, 2017. (*Id*. at 7.)

_____

[1] Plaintiff has neither responded to Defendant's motion for summary judgment, nor filed affidavits, declarations, or other summary judgment-type evidence that would allow the Court to assess the merits of her allegations. Although the Court refers to Plaintiff's complaint in the background section of this order for context, the Court only accepts as true those facts which

Plaintiff was involved in a verbal and physical altercation with a group of men in Seattle's

Capitol Hill neighborhood. (Dkt. No. 5-3 at 43–46.) A witness called 911 and reported that

Plaintiff had been assaulted by the men. (*Id*.) Several Seattle Police officers responded and made

contact with the suspects. (*Id*.) After speaking with the suspects, the officers made contact with

Plaintiff. (*Id*.) A portion of Plaintiff's interaction with the police officers was captured on a

officer-worn body camera. (Dkt. No. 17.)

After speaking with all involved parties, the officers decided to not make an arrest or

refer any charges. (Dkt. No. 1-2 at 9.) Based on the officers' conduct, Plaintiff alleges the

following causes of action against Defendant: (1) official misconduct in violation of Revised

Code of Washington § 9A.80.010; (2) false reporting in violation of Revised Code of

Washington § 42.20.040; (3) failure to perform a duty to investigate a claim of malicious

harassment in violation of Revised Code of Washington §§ 42.20.100, 9A.36.080; (4) failure to

perform a duty to investigate a claim of first degree assault in violation of Revised Code of

Washington §§ 42.20.100, 9A.36.011; (5) violation of the Fifth Amendment of the Constitution;

and (6) violation of the Fourteenth Amendment of the Constitution. (*Id*. at 22–31.) Defendant

moves for summary judgment on all claims. (Dkt. No. 13.)

## II.    DISCUSSION

### A.    Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). In making such a determination, the Court must view the facts and justifiable

inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Anderson v.

Liberty Lobby*, *Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly

made and supported, the opposing party "must come forward with 'specific facts showing that

meet the requirements of Federal Rule of Civil Procedure 56 and that would be admissible at
trial. *See* Fed. R. Civ. P. 56(c).

there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Material facts are those that may affect the outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248–49. While courts liberally construe the claims in a *pro se* civil rights complaint, courts may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## B. Defendant's Motion for Summary Judgment

As an initial matter, Plaintiff has only named the Seattle Police Department as a Defendant in this lawsuit. The Seattle Police Department, as an entity of the City of Seattle, is not legally capable of being sued. *See Streit v. Cty. of L.A.*, 236 F.3d 552, 565 (9th Cir. 2001) (state law controls the issue of whether a police department may be sued as a separate entity apart from a city); *see also Lee v. City of SeaTac Police Dep't.*, Case No. C12-0194-RSL, Dkt. No. 25 at 2 (W.D. Wash. 2013) (citing *Nolan v. Snohomish Cty.*, 802 P.2d 792, 796 (1990)) ("[I]n a legal action involving a county, the county itself is the only legal entity capable of being sued.").

Moreover, Plaintiff did not name any individual police officers as defendants, and thus is precluded from asserting constitutional or statutory violations pursuant to 28 U.S.C. § 1983.[2] "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). "Liability under § 1983 must be based on the personal involvement of the defendant." *Id.* (citing *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980)). For a municipality to be held directly liable for a § 1983 violation, a plaintiff must allege a "policy or custom, whether made by its lawmakers or those whose edicts or acts may be fairly said to represent official policy."

---

[2] While Plaintiff does not assert a § 1983 claim, the Court construes the complaint liberally to consider such a claim. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

*Monell v. Department of Social Services*, 436 U.S. 658-690-91(1978). Plaintiff has not alleged

that Defendant had an official policy or custom that caused her alleged injury. Indeed, Plaintiff's

allegations against the individual officers emphasize that they failed to follow Defendant's

established protocols and procedures. (*See* Dkt. No. 1-2 at 9) ("Through this action, Isabelle

Kerner, seeks to hold the Seattle Police Department collectively accountable for failing to

enforce the law and for failing to follow the SPD guidelines pursuant to RCW 9A.36.080, for

knowingly falsifying the police report pursuant to RCW 42.20.040, for failing to uphold their

duties pursuant to RCW 42.20.100, for violating their code of conduct and failing to investigate

pursuant to RCW, for Official Misconduct pursuant to RCW 9A.80.010.").

 As the Court explains below, even if Plaintiff could assert her claims against Defendant,

without naming the City of Seattle or the individual officers, each cause of action fails as a

matter of law.

   1. <u>Washington Revised Code §§ 9A.80.010, 42.20.040, 42.20.100, 9A.36.080,</u>
    <u>9A.36.011</u>

 Plaintiff asserts four causes of action based on violations of Washington criminal statutes.

(*See* Dkt. No. 1-2 at 22–28.) For example, Plaintiff asserts that the officers committed official

misconduct by engaging in biased policing, failing to complete a thorough investigation, and

discrediting the statements of an independent witness. (*Id*. at 23) (citing RCW § 9A.80.010).

Essentially, Plaintiff attempts to hold Defendant civilly liable for the alleged criminal violations

of its officers.

 In general, criminal statutes do not provide an independent civil cause of action. *See*

*Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Federal district courts in Washington

have ruled that the statutes Plaintiff cites do not provide independent causes of action. *See, e.g.*,

*Jones v. City of Yakima Police Dep't*, 2012 WL 3945574, at 3 (E.D. Wash. 2012) (holding that

Revised Code of Washington § 9A.80.010 does not create a private right of action); *Weitzman v.*

*City of Seattle*, 2016 WL 852749, at 3 (W.D. Wash. 2016) (holding that Revised Code of

Washington § 42.20.040 does not create a private right of action); *Sutton v. Washington State Dep't of Corr.*, 2015 WL 4748233, at 5 (E.D. Wash. 2015) (holding that Revised Code of Washington § 42.20.100 does not create a private right of action); *Turner v. City of Port Angeles*, 2010 WL 4286239, at 4 (W.D. Wash. 2010) (holding that Revised Code of Washington § 10.31.100 does not create a private right of action).

The Court follows other courts in this District in ruling that Plaintiff cannot maintain private causes of action under Revised Code of Washington §§ 9A.80.010, 42.20.040, 42.20.100, 9A.36.080, 9A.36.011. Therefore, Plaintiff's causes of action based on these statutes fail as a matter of law, and Defendant's motion for summary judgment is GRANTED as to these claims.

### 2. Fifth Amendment

Plaintiff alleges that Defendant violated the Fifth Amendment Due Process Clause. (Dkt. No. 1-2 at 30.) Plaintiff asserts that Defendant violated the Fifth Amendment by failing "to follow proper SPD policies and procedures, falsely reporting the . . . incident, and avoiding investigation of the incident." (*Id.*) The Fifth Amendment Due Process Clause only applies to federal government actors, not to state or local government actors. *See Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008) ("Prunchak is a local law enforcement official, and the Fifth Amendment's due process clause only applies to the federal government."). Therefore, Plaintiff's Fifth Amendment claim against Defendant is not legally cognizable and Defendant's motion for summary judgment is GRANTED as to this claim.

### 3. Fourteenth Amendment

Plaintiff asserts that Defendant "violated [her] Fourteenth Amendment right to Due Process through their failure of duty, false reporting, and misconduct." (Dkt. No. 1-2 at 31.) She further asserts that Defendant violated her "Fourteenth Amendment right to Equal Protection of the laws by not enforcing the laws violated during the incident in questions [sic]." (*Id.*)

A plaintiff can assert either a procedural or substantive due process violation under the Fourteenth Amendment. Procedural due process imposes constraints on governmental decisions

that deprive individuals of liberty or property interests within the meaning of the Due Process Clause of the Fourteenth Amendment. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). Substantive due process protects certain individual liberties from undue government restraint. *Kelley v. Johnson*, 425 U.S. 238, 244 (1976). Plaintiff fails state a Fourteenth Amendment violation of procedural or substantive due process because she does not allege that Defendant took any action to deprive her of a liberty or property interest. Therefore, Defendant's motion for summary judgment is GRANTED regarding this claim.

To state a Fourteenth Amendment equal protection claim, a plaintiff must allege "that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren*, 152 F.3d at 1194. Plaintiff has neither alleged nor come forward with evidence to demonstrate that Defendant acted with an intent to discriminate against her based upon her membership in a protected class. Therefore, Defendant's motion for summary judgment is GRANTED regarding this claim.

## III.    CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment (Dkt. No. 13) is GRANTED. Plaintiff's claims are DISMISSED with prejudice.

DATED this 30th day of April 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE